**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10844

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TERRANCE EDWARDS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:24-cr-00216-ECM-CWB-2

_____

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Terrance Edwards appeals his total sentence of 408 months' imprisonment for 1 count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine,

2 counts of possession with intent to distribute 50 grams or more of methamphetamine, 1 count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, 1 count of possession with intent to distribute 500 grams or more of cocaine, and 1 count of possession with intent to distribute cocaine. Edwards argues that his sentence was substantively unreasonable because the district court clearly erred in balancing the 18 U.S.C. § 3553(a) factors and created a sentencing disparity between Edwards and similarly situated defendants.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc) (Birch, J., dissenting)).

The district court does not have to give all the factors equal weight and is given discretion to attach greater weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Along with the § 3553(a) factors, the court should also consider the particularized facts of the case and the guideline range. *Id.* at 1259-60. "Although we do not automatically presume a sentence within the guideline[] range is reasonable, we 'ordinarily

… expect'" that it is reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2006) (quoting *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (ellipsis in original)).

One of the purposes of the Guidelines is to provide certainty and fairness in sentencing, "avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct." *United States v. Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009) (quoting 28 U.S.C. § 991(b)(1)(B)). Thus, "[a] well-founded claim of disparity . . . assumes that apples are being compared to apples." *Id.* at 1101 (quoting *United States v. Mateo-Espejo*, 426 F.3d 508, 514 (1st Cir. 2005)). We have stated that the defendant's arguments regarding unwarranted disparity should be specific enough for us to "gauge." *United States v. Hill*, 643 F.3d 807, 885 (11th Cir. 2011).

Here, Edwards's 408-month total imprisonment sentence is not substantively unreasonable. The district court did not abuse its discretion in weighing the guideline range and § 3553(a) factors that it was entitled to consider. *Rosales-Bruno*, 789 F.3d at 1254. As the court explained, its primary basis for the within-range sentence was the massive quantity of drugs that Edwards helped to move into his community, which related primarily to the nature and seriousness of the offense, as well as the need to protect the public from Edwards. The court also noted that Edwards had a concerning criminal history, which it was entitled to consider, especially given that Edwards was rated a criminal history category of I despite a lengthy record of older arrests and convictions. 18 U.S.C. §

3553(a)(1). The court also declined Edwards's motion for a variance and held that a sentence within the Guidelines was appropriate. Despite Edwards's argument that the court did not consider mitigating factors, the court acknowledged that it considered those factors, such as his statement, his acceptance of responsibility, and his family, and still decided that the nature and seriousness of the offense deserved more weight. The court had discretion as to how to weigh the factors, and it did not abuse its discretion here given the scale of the drugs involved. Moreover, this Court ordinarily expects a sentence within the guideline range, as here, to be reasonable. *Hunt*, 526 F.3d at 746.

In addition, although Edwards argues on appeal that his sentence created an unwarranted sentencing disparity with similarly situated offenders because it was over twice the national average for someone with his offense level and criminal history category, the district court addressed the ways in which Edwards's case was an outlier due to the large quantity of drugs involved. One of the investigating officers testified that Edwards's methamphetamine operation was the largest he had ever investigated in the Middle District of Alabama, and the quantity of drugs that he trafficked was vastly greater than that required for the highest base offense level under U.S.S.G. § 2D1.1. Moreover, although his criminal history category was I, Edwards had a long criminal history that was not factored into his criminal history score. Edwards's discussion of similarly situated defendants cited general statistics and averages but did not cite any specific defendant with a similar offense and criminal history who received a significantly lesser sentence, which

25-10844                 Opinion of the Court                 5

is not specific enough for this Court to "gauge" for an unwarranted sentencing disparity argument. *Hill*, 643 F.3d at 885. Moreover, the court stated directly at sentencing that it considered the factor of disparity between similarly situated defendants, and it evidently found that a 408-month sentence did not create an unwarranted disparity for Edwards. Therefore, because the court appropriately considered relevant § 3553(a) factors when determining the sentence, and because Edwards's sentencing disparity argument does not truly compare "apples … to apples," the sentence was substantively reasonable. *Docampo*, 573 F.3d at 1101 (quoting *Mateo-Espejo*, 426 F.3d at 514)

**AFFIRMED.**